IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00625-FDW

| | |
|---|---|
| STACEY WYNN;<br>ORLANDO HARSHAW;<br>SEAN L. SMITH;<br>BENJAMIN WHITE;<br>TAVIEOLIS HUNT,<br><br>      Plaintiffs,<br><br>v.<br><br>LAWRENCE PARSONS, et al.,<br><br>      Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiffs' motion for reconsideration of the order granting the motion to sever filed by Defendants, which the Court will construe as a motion for relief pursuant to Rule 59 of the Federal Rules of Civil Procedure. (Doc. No. 38).

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit has explained that "[a] district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.'" Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. (internal citation omitted). Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow

1

purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Plaintiffs have not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. Furthermore, Plaintiffs have not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiffs' motion for reconsideration.

Plaintiffs' motion for leave to file amended complaints will be granted. (Doc. No. 39). Plaintiffs shall have 20-days from entry of this Order to file individual § 1983 complaints in accordance with the order granting Defendants' motion to sever. (Doc. No. 37).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiffs' motion for reconsideration is **DENIED**. (Doc. No. 38).
2. Plaintiffs' motion for leave to file amended complaints is **GRANTED**. (Doc. No. 39).
3. Plaintiffs' motion for extension of time to file amended complaints is **GRANTED**. (Doc. No. 40).
4. Plaintiffs' motion for hearing is **DENIED**. (Doc. No. 46).

**SO ORDERED**.

Signed: February 21, 2017

Frank D. Whitney
Chief United States District Judge