UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE CITY DIVISION
3:14-cv-625-FDW

| STACEY WYNN, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **PROTECTIVE ORDER** |
| LAWRENCE H. PARSONS, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on Plaintiff's Consent Motion for Entry of Protective Order, (Doc. No. 61),[1] seeking the release of North Carolina State Bureau of Investigations ("SBI") Reports. The motion is granted as follows.

The parties herein (specifically all Plaintiffs and all answering Defendants, collectively referred to hereinafter as "parties"), and the SBI stipulate to the entry of this Protective Order allowing release of SBI files regarding investigations into the Lanesboro Correctional Institution from January 1, 2009, through the present as detailed in the Schedule of Documents To Be Produced attached to the Subpoena served on the SBI pursuant to Fed. R. Civ. P. 45 on October 1, 2017. (Doc. No. 61-1 at 10).

Counsel for the parties and the SBI stipulate and agree to the following statements of facts which authorize the Court's entry of the Protective Order:

1. The parties seek the release of the SBI investigation reports for the parties' review and possible use in this lawsuit.

---

[1] The consenting attorneys are C. Scott Holmes, Joseph Finarelli, Anita S. Earls, Tammera Sudderth Hill, and Angel E. Gray.

1

2. The SBI reports are material and relevant to the subject matter involved in this matter.

3. Definitions.

    a. SBI Reports refers to any and all documents and materials contained in SBI files included in the aforementioned subpoena, including the related laboratory reports and findings, and any videos obtained or taken and any photographs obtained or taken in conjunction with the investigation.

    b. Document means all writings, drawings, graphs, charts, recordings, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

    c. Material means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

    d. Parties mean the Plaintiffs and Defendants in this action.

4. Counsel for the SBI, after reviewing this file and related documents, has determined that the SBI has no objection to producing the SBI Reports to the parties in response to Plaintiffs' request for the following reasons:

    a. No policy reason exists for denial of the request of Plaintiffs for production of these materials.

    b. There is no prejudice to the SBI by releasing this material.

    c. There are no identities of persons contained in the materials which need to be protected; and

    d. Any criminal investigations which might have been the subject of these files have been concluded.

5. Except as may be otherwise provided by further order of the Court, documents contained

within the SBI Report shall be used for no purpose other than prosecuting or defending this action, including any and all motions such as motions for summary judgment, and shall be disclosed only to the persons identified below.

6. Access to and the use of any documents, or any part thereof, of the SBI Report shall be limited to the following qualified persons/entities:

   a. The parties and attorneys of record for the parties and any associated counsel, and their legal assistants, paralegals, other staff members and employees, and law student clerks; any insurers, their agents and employees; any employees and any representatives of any insurance company involved in this case either directly or as an insurer of one or more of the Defendants; and any outside company engaged by attorneys for the parties to photocopy such documents or to reproduce photographs or videos.

   b. Mediators;

   c. Consultants and technical experts involved in the preparation of this action;

   d. Independent expert witnesses, who are not a party to this litigation, who have been specially employed or retained to assist in this litigation;

   e. Court reporters, their transcribers, assistants and employees;

   f. Any deposition or trial witness to the extent that it is necessary to tender to such witness as an exhibit any or all of the SBI file in order to elicit testimony relevant to the matters at issue in this case;

   g. The presiding Judge or Magistrate Judge at any motions or the trial of this matter;

   h. The jury (upon being sworn in); and

   i. Any other person who is designated as a Qualified Person/Entity by agreement by the parties and the SBI, through counsel, or by Order of the Court, after notice to all

parties.

7. In addition, the above individuals and entities that are permitted access to the SBI Report materials and information are hereby ordered not to show, convey or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order, except to the qualified persons listed above.

8. In addition, the above individuals and entities that are permitted access to the SBI Report materials and information shall only use the materials and information for purposes of this litigation.

9. Counsel may make copies of material contained within the SBI Report for Plaintiffs' or Defendants' experts upon receiving from said experts a written agreement that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of Plaintiffs' or Defendants' experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments, (Doc. No. 61-1 at 14), shall be maintained by Plaintiffs' and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiffs' or Defendants' experts submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

10. Before any parties' Counsel shows a document contained within the SBI reports to anyone outside of the attorney's law firm as permitted by this order, in particular any document used as an exhibit in a deposition or at trial, any identifying personal information of any Department of Public Safety employee shall be redacted, including the employee's address, phone

4

number, and social security number. Counsel may maintain non-redacted copies of the SBI files, but must redact that personal information of Department of Public Safety employees from any document shared outside of Counsel's law firm, including expert witnesses.

11. Counsel may make non-redacted copies of material contained within the SBI Report for any party to this lawsuit who has not signed this Consent Protective Order at the initial time of its entry but who later executes a written agreement that he/she/it will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having the party or a representative or attorney of the party, read, acknowledge, and agree in writing to be bound by this Protective Order. A copy of such acknowledgement shall be provided to counsel for the parties and counsel for the SBI. By signing the declaration agreeing to be bound by this Protective Order, the party submits himself/herself/itself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

12. In the event counsel for any party who has signed this consent protective order is permitted to withdraw from this action, departing counsel may make non-redacted copies of material contained within the SBI Report for any then unrepresented party to this lawsuit who, prior to the production of those materials, executes the written acknowledgment and agreement to be bound, (Doc. No. 61-1 at 14). A copy of such acknowledgement shall be provided to counsel for all other parties and counsel for the SBI. By signing the declaration agreeing to be bound by this Protective Order, the party, whether or not he obtains subsequent representation by counsel, submits himself/herself/itself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

13. The production or disclosure of documents and materials in the SBI Report, pursuant to the terms of this Order, shall not waive or prejudice the right of any party to object to the

production or admissibility of documents and materials in the SBI Report, or any other document, material, information, or testimony, in this action or any other action.

14. All information and materials derived from the SBI Report shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose, except as provided herein.

15. Counsel for the parties are responsible for notifying any person who is provided information or material from the SBI Report of the terms of this Protective Order. Counsel shall keep a record of all persons to whom disclosures are made. This paragraph does not apply to the Judge, Magistrate Judge, their law clerks, or the jury. However, materials or information from the SBI file that are filed with the Court are governed by later paragraphs of this Protective Order.

16. Any material and/or documents contained within the SBI Report that are submitted to the Court in connection with a motion or other proceeding within the purview of this matter shall be redacted as described in paragraph 10 and submitted under seal. Any portion of a transcript in connection with this matter containing any material and/or documents contained within the SBI Report that is submitted to the Court shall be submitted under seal. If motions, briefs, or other pleadings contain material and/or documents contained within the SBI Report, or a summary or discussion of such material and/or documents, then the pleading shall be filed under seal.

17. Each person who receives material and information described herein submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

18. This Consent Protective Order shall not preclude a party from offering the SBI report or any portion of it into evidence at the Trial of this case. As further set forth in the following paragraphs, all objections to the admissibility of such materials and information are reserved and,

if asserted, will be ruled upon by the Court at the appropriate time.

19. It is specifically agreed that making the materials or documents available for inspection and the production of the materials or documents shall not constitute a waiver by the parties or SBI of any claim of confidentiality, and the production of such materials or documents may or may not be admissible into evidence at the trial of this action. The parties reserve all rights to object to the admissibility of such materials and information as provided by the Federal Rules of Evidence and Federal Rules of Civil Procedure.

20. Nothing in this Protective Order shall require disclosure of material or information which the conveying party contends is protected from disclosure by the attorney-client privilege, materials produced in anticipation of litigation, or as constituting attorney work product materials.

21. If some of the information released pursuant to this Protective Order contains confidential insurance company employee or information, such information shall be treated as confidential by the receiving party and be subject to the terms of this Order.

22. Within sixty (60) days after the final disposition of this action, including the conclusion of any and all appeals, the parties shall return all original and copies of the SBI Report to counsel for the SBI, or the parties, shall destroy the original and copies of the SBI report and certify having done so, if so requested. Notwithstanding the preceding sentences of this paragraph, counsel for each party may retain a complete copy of the counsel's file, including correspondence, pleadings, exhibits and any other file materials that reference or summarize the SBI report and including one copy of the SBI report, in order to comply with all rules of that counsel's malpractice insurance carrier and all rules of the North Carolina State Bar with regard to file retention. This Consent Protective Order shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that were used as exhibits for the Court (unless such

exhibits were filed under seal) and (b) a party may seek the written permission of the other parties and the SBI or further order of this Court with respect to the dissolution or modification of this Order.

23. This Protective Order shall not prevent any party, or the SBI, from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, with the concurrence of the SBI and subject to the approval of the Court.

**IT IS, THEREFORE, ORDERED that** Plaintiff's Consent Motion for Entry of Protective Order, (Doc. No. 61), is **GRANTED** as set forth in this Order.

Signed: November 30, 2017

Frank D. Whitney
Chief United States District Judge